Schnur v Balestriere
2026 NY Slip Op 03410
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Yifat V. Schnur et al., Plaintiffs-Appellants-Respondents,
v
John Balestriere et al., Defendants, Jeremy Saland et al., Defendants-Respondents-Appellants

Decided and Entered: June 02, 2026
Index No. 160095/18|Appeal No. 6792|Case No. 2025-01792|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Sheppard, Mullin, Richter & Hampton LLP, New York (Jessica N. Meyers of counsel), for appellants-respondents.
Furman Kornfeld & Brennan LLP, New York (Rachel Aghassi of counsel), for respondents-appellants.

[*1]
Order, Supreme Court, New York County (Verna L. Saunders, J.), entered February 25, 2025, which, to the extent appealed from, denied the motion of defendants Jeremy Saland and Crotty Saland P.C. (collectively, Saland defendants) to vacate the note of issue and for additional discovery, and denied plaintiffs' cross-motion to renew their prior motion for sanctions against the Saland defendants, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the Saland defendants' motion to vacate the note of issue. The Saland defendants did not make the necessary showing for production of plaintiffs' tax returns from 2011 to the present (see Lee v Chun Ka Luk, 132 AD3d 515, 516 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]). Moreover, they admitted that plaintiff had been deposed; at that time, they could have questioned her regarding the basis for her damages claim and her income.
For the first time on appeal the Saland defendants assert that a continued deposition of plaintiff is necessary because her post-note of issue document production demonstrated that the attorney-client privilege she asserted at her deposition was not warranted. This issue was not raised before the motion court and is therefore not properly before this Court.
The court providently exercised its discretion in declining to grant plaintiffs' motion to renew their motion for sanctions. Plaintiffs sought to strike the Saland defendants' answer or, in the alternative, preclude them from offering any argument that they were not responsible for the conduct of their codefendants (the Balestriere defendants) in connection with a federal action. The documents cited by plaintiffs that were produced after their prior sanctions motion provide some evidence that the Saland defendants may have been co-counsel to the Balestriere defendants in the federal action and that Jeremy Saland may have assisted in the drafting of the federal complaint. When this evidence came to light, however, the court permitted plaintiffs to amend the complaint, reinstate their libel claim, and assert a new claim for malicious prosecution. A determination of the factual issues underlying these claims should be made by the factfinder at trial or upon motions for summary judgment, not in the context of a sanctions motion. Since this is the only misconduct cited by plaintiffs, denial of the renewed request for sanctions was appropriate.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026